UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

Bonita Arruda, BV Boomers, Inc., Heather's Fitness)
Center, LLC, Fit and Firm Forever, LLC, Carolyn   )
Deegan, KV Fitness, LLC, 2 Josie's LLC, Tonya     )
Grandmaiter, Cynthia & John Haley, Gina Haley-    )
Morrell, Best Health and Fitness, Inc., RH Fitness )
Systems, LLC, Femme Fit All, LLC, Yako Kwe        )
Nye Sta Fitness, LLC, Linda Lohse, Susan          )
Minicozzi, Maria Montoya, Paradisco Dream, LLC, )
All Things Enterprises, LLC, Cami Noble, PWO      )
Fitness, LLC, Gary Paolillo, RKP                  )
Enterprises, LLC, Linda Preston, Amy Reeves,      )
Bodyfit, Inc., Jenny Schaff Fitness and Music, LLC,)
Elaine Solomon, Barbara Tait, MMLC, LLC,          )
Whanger Health & Fitness, LLC, and Healthy        )
Hips, LLC,                                        )
                                                  )
            Plaintiffs,                           )
                                                  )       Case Number: 6:20-cv-00092
-vs-                                              )
                                                  )
                                                  )
CURVES INTERNATIONAL, INC., a Texas               )
Corporation,                                      )
                                                  )
(Serve:  Registered Agent                         )
         CT Corporation System                    )
         1999 Bryan St., Suite 900                )
         Dallas, Texas  75201)                    )
                                                  )
and                                               )
                                                  )
CURVES NA, INC., a Texas corporation,             )
                                                  )
(Serve:  Registered Agent                         )
         Jeff Burchfield                          )
         4800 Lakewood, Suite 6                   )
         Waco, Texas  76710)                      )
                                                  )
and                                               )

NORTH CASTLE PARTNERS, LLC, a Delaware )
Limited liability company,                           )
                                                                )
(Serve:  Registered Agent                           )
              Corporation Service Company        )
              251 Little Falls Dr.                        )
              Wilmington, Delaware  19808)        )
                                                                )
        Defendants.                                         )

## COMPLAINT

Come now Plaintiffs and for their causes of action against Defendants state as follows:

### Introduction

1.  Curves International, Inc. was incorporated in the State of Texas in October of 1995 with its principal place of business in Waco, Texas.

2.  Curves International, Inc. began offering Curves/Curves for Women franchises in October of 1995.

3.  Curves International, Inc.'s predecessor was Curves for Women Inc., which is a Texas corporation incorporated in August of 1992.

4.  Curves for Women, Inc. began the development of procedures and systems which were used to form the foundation of Curves International, Inc.

5.  Curves for Women, Inc. owned and operated two aerobic and weight loss centers in Texas from August of 1992 to October of 1995.

6.  Curves for Women, Inc. is no longer active.

7.  Curves International, Inc. is a franchisor of thirty-minute fitness and weight loss centers to various individuals and businesses using the "Curves for Women" trade name, trademark and system of operating procedures.

8.  Curves International, Inc. sells Curves for Women fitness centers, known as Curves,

throughout the United States and internationally.

9.  Once Curves International, Inc. began selling franchises, it arguably became the fastest growing franchise system in history selling over 10,000 franchise locations.

10. Curves International, Inc. sold so many franchises that the domestic territories were oversold and became oversaturated.

11. As a result, the Curves system began to collapse until it has reached the point today where there are fewer than 600 locations in the United States and locations are closing on a weekly basis.

12. Curves International Holdings, Inc. is a Texas corporation formed on June 29, 2012 and acquired 100% interest in Curves International, Inc.

13. Curves International Holdings, Inc. is a Texas corporation with its principal place of business in Greenwich, Connecticut.  On or about August 1st, 2012, Curves International Holdings, Inc. acquired a 100% interest in Curves International, Inc. becoming the parent company of Defendant Curves International, Inc.  Curves International Holdings, Inc. was formed on June 29th, 2012.

14. On or about March 30, 2018 Curves DF Holdings, Inc. acquired 100% interest in Curves NA, Inc. from Curves International Holdings, Inc. becoming the parent company of Defendant Curves NA, Inc

15. Curves DF Holdings was majorly owned and controlled by NCP-Curves, LP which was, in turn, partially owned and controlled by NCP-Curves GP, LLC, a Delaware limited liability company.

16. NCP-Curves, LP and NCP-Curves GP, LLC, were investment vehicles utilized by defendant North Castle Partners, LLC, a private equity firm that purchased majority

control of Curves International for a sum in excess of $150 million in 2012.  At the time of this transaction, the Curves franchise system had lost thousands of locations.

17. After that transaction, defendant North Castle Partners, LLC, through its affiliate companies, assumed control over the activities of Curves International which included, among other things, installing one of its "industry advisors" as the chief executive officer.

18.  Even though defendant North Castle Partners referred to Curves International as "portfolio company," a designation beneficial to private equity firms for income tax treatment, the level of ownership and control exercised by defendant North Castle Partners over Curves International rendered Curves International a subsidiary company.

19. Prior to closing on the purchase of Curves, defendant North Castle Partners drafted a document known as an "Operating Blueprint."

20. Unknown to the Curves' franchisees, the "Operating Blueprint" disclosed that defendant North Castle Partners intended to "prune" 1,000+ unsustainable locations.

21. After defendant North Castle Partners assumed control, the failure rate of Curves franchisees continued to accelerate.

22. In 2015, Curves and North Castle retained the services of Parthenon EY, a subsidiary of Ernst & Young, to conduct a study known as the "Curves Rebirth Project."

23. As part of that study, Parthenon surveyed franchisees, current and former Curves' gym members, and other in the fitness industry.

24. Plaintiffs and other Curves' franchisees were not informed of that study being conducted.

25.  A key finding of that study was that the Curves name had a "negative halo" and that Curves franchise locations would continue to close at a rate of more than 15% per year if nothing was done.

26. The recommendations made by Parthenon required further investment by North Castle Partners.

27. These results were not shared with the franchisees.

28. After obtaining the results, defendant North Castle Partners decided that it would make no further investment in the Curves brand, thereby ensuring further collapse of the Curves franchise system.

29. Defendants were aware that the most valuable asset of the Curves franchise system was the Curves trademark and name.

30. However, the Parthenon study made it clear that the "Curves" trademark had a negative impression in the fitness market.

31. While having actual knowledge of the results of this study, instead of informing the current and prospective franchisees, Curves International continued providing misleading and fraudulent Franchise Disclosure Documents ("FDD") and other misleading electronic communications which hid the dire circumstances surrounding the Curves franchise system.

32. In a letter dated February 9, 2016, Monty Sharma, the North Castle "industry advisor" appointed by North Castle as the CEO of Curves, outlined several areas in which the franchisor was failing.

33. However, Mr. Sharma never disclosed the results of the Parthenon study.

34. Instead, Curves continued to collect franchise royalties and advertising fees from the franchisees while knowing that the system would fail and plaintiffs and other franchisees would lose the value of their investments.

35. As part of the March 30, 2018 transaction, Defendant Curves NA, Inc. entered into a

Master Franchise Agreement whereby it became the Master Franchisee for the North American region and gained exclusive rights to granted Curves franchises in North America.  Defendant Curves International, Inc. was then owned and operated by a company from Japan that had previously been a Curves master franchisee.

36. In August of 2019, defendant North Castle Partners, realizing that its ownership of Curves International and Curves NA had been a failure, entered into a transaction to transfer ownership to Krishea Holloway, then president of Curves NA.

37. That Defendants Curves International, Inc. and Curves NA, Inc. are hereinafter referred to as "Curves."

38. Curves NA, Inc. continues to grant franchises in the fitness and weight loss industry.

39. All Plaintiffs are and/or were franchisees of Curves.

## PARTIES

40. Plaintiff Bonita Arruda is a citizen and resident of the State of Massachusetts.  Plaintiff Bonita Arruda originally executed a franchise agreement with Curves International in August 2006. Plaintiff Bonita Arruda subsequently renewed that agreement on August 11, 2011, February 5, 2013, and February 5, 2015. Plaintiff Bonita Arruda's Curves franchise was located in the Easton, Massachusetts area. Plaintiff Bonita Arruda closed her Curves franchise on November 10, 2018.

41. Plaintiff BV Boomers, Inc is a Texas Corporation.  Plaintiff BV Boomers, Inc executed a franchise agreement with Curves International on October 24, 2011, by and through Joyce Bell, Thomas Bell, Jr., Linda Price, and Carlos Price.  Plaintiff BV Boomers, Inc's franchise was located in the Galveston, Texas area.  Plaintiff BV Boomers, Inc. closed its Galveston, Texas franchise on September 20, 2018.

42. Plaintiff Heather's Fitness Center, LLC is an Iowa Limited Liability Company. Plaintiff Heather's Fitness Center originally executed a franchise agreement with Curves International on December 20, 2011, by and through Heather Besch, and subsequently renewed that agreement on January 11, 2017. Plaintiff Heather's Fitness Center, LLC's franchise was located in the Urbandale, Iowa area. Plaintiff Heather's Fitness Center, LLC closed its Urbandale, Iowa franchise on October 6, 2017.

43. Plaintiff Fit and Firm Forever, LLC originally executed a franchise agreement with Curves International on March 27, 2013 under the names Teri Dee Bogden and Ronald Jeffrey Bodgen. On June 6, 2013 Teri and Ronald Bogden executed an Assignment of Franchise Agreement assigning their franchise agreement to Fit and Firm Forever, LLC. Plaintiff Fit and Firm Forever, LLC is a Utah Limited Liability Company. Plaintiff Fit and Firm Forever, LLC's franchise was located in the West Jordan, Utah area. Plaintiff Fit and Firm Forever, LLC closed its franchise on March 27, 2018.

44. Plaintiff Carolyn Deegan is a citizen and resident of the State of Mississippi. Plaintiff Carolyn Deegan executed a franchise agreement with Curves International on June 24, 2014. Plaintiff Carolyn Deegan's Curves franchise was located in the Olive Branch, Mississippi area. Plaintiff Carolyn Deegan closed her Curves franchise on or around June 24, 2017.

45. Plaintiff KV Fitness, LLC is a Florida Limited Liability Company. Plaintiff KV Fitness, LLC originally executed a franchise agreement with Curves International on June 28, 2012 by and through Kathleen DeVoge and Victoria Spurlock. Plaintiff KV Fitness, LLC subsequently terminated the original franchise agreement, in order to remove Vickie Spurlock from the franchise agreement, and executed a new franchise agreement on June

10, 2013.  Plaintiff KV Fitness, LLC's Curves franchise was located in the Barboursville, West Virginia area.  Plaintiff KV Fitness, LLC closed its franchise on or around March 28, 2015.

46. Plaintiff 2 Josie's, LLC is a Louisiana Limited Liability Company.  Plaintiff 2 Josie's, LLC executed a franchise agreement with Curves International on April 7, 2014 by and through Camille Gautreaux and Rechelle Broussard.  Plaintiff 2 Josie's, LLC's franchise was located in the Crowley, Louisiana area.  Plaintiff 2 Josies, LLC closed its Curves franchise on June 1, 2018.

47. Plaintiff Tonya Grandmaiter is a citizen and resident of the State of Texas.  Plaintiff Tonya Grandmaiter executed a franchise agreement with Curves International on July 28, 2011.  Plaintiff Tonya Grandmaiter's franchise was located in the Sealy, Texas area. Plaintiff Tonya Grandmaiter closed her Sealy, Texas franchise on July 27, 2016.

48. Plaintiffs Cynthia Jeanne Haley and John William Haley are citizens and residents of the State of Massachusetts.  Plaintiffs Cynthia and John Haley originally executed a franchise agreement with Curves International on July 12, 2005.  They subsequently renewed that agreement on July 22, 2010 and September 18, 2014.  Plaintiffs Cynthia and John Haley's franchise was located in the Marshfield, Massachusetts area.  Plaintiffs Cynthia and John Haley closed their Curves franchise on September 15, 2015.

49. Plaintiff Gina Haley-Morrell is a citizen and resident of the State of Oregon.  Plaintiff Gina Haley-Morrell originally executed a franchise agreement with Curves International on or around January 1, 2008 and subsequently renewed that agreement on March 27, 2013.  Plaintiff Gina Haley-Morrell's franchise was located in the Veneta, Oregon area. Plaintiff Gina Haley-Morrell closed her Curves franchise on December 31, 2016.

50. Plaintiff Best Health and Fitness, Inc. is a California Corporation.  Plaintiff Best Health and Fitness, Inc. executed a franchise agreement with Curves International on August 4, 2010 by and through Paul Hashemi and Noor Jahan.  Plaintiff Best Health and Fitness, Inc.'s franchise was located in the Point Loma, California area.  Plaintiff Best Health and Fitness, LLC closed its Curves in or around August 2015.

51. Plaintiff RH Fitness Systems, LLC is a Utah Limited Liability Company.  Plaintiff RH Fitness Systems, LLC owned two separate Curves franchises, one in Millcreek, Utah and one in South Jordan, Utah.  Plaintiff RH Fitness Systems, LLC executed a franchise agreement with Curves International for the Millcreek location in May 2006 by and through Heather Heighton Rangel and Margaret Heighton.  Plaintiff RH Fitness Systems, LLC subsequently renewed that agreement on in September 2011, April 2015, and February 2017.  Plaintiff RH Fitness Systems, LLC executed a franchise agreement for the South Jordan location on October 10, 2010 by and through Heather Heighton Rangel and Margaret Heighton.  Plaintiff RH Fitness Systems, LLC subsequently renewed that agreement in September 2015.  Plaintiff RH Fitness Systems, LLC closed the South Jordan franchise on October 5, 2018.

52. Plaintiff Femme Fit All, LLC is an Iowa Limited Liability Company.  Plaintiff Femme Fit All, LLC executed a franchise agreement with Curves International on June 8, 2010 by and through Delia Jones.  Plaintiff Femme Fit All, LLC's Curves franchise was located in the Des Moines, Iowa area.  Plaintiff Femme Fit All, LLC closed its Des Moines, Iowa franchise on or around June 30, 2015.

53. Plaintiff Yako Kwe Nye Sta Fitness, LLC is a Wisconsin Limited Liability Company. Plaintiff Yako Kwe Nye Sta Fitness, LLC executed a franchise agreement with Curves

International on May 1, 2012 by and through Kim Laluzerne.  Plaintiff Yako Kwe Nye Sta Fitness, LLC's franchise was located in the Greenbay, Wisconsin area.  Plaintiff Yako Kwe Nye Sta Fitness, LLC closed its Greenbay, Wisconsin franchise on or around December 31, 2018.

54. Plaintiff Linda Lohse is a citizen and resident of the State of Missouri.  Plaintiff Linda Lohse originally executed a franchise agreement with Curves International on June 28, 2000 and subsequently renewed that agreement on June 23, 2017.  Plaintiff Linda Lohse's franchise was located in the Oakville, Missouri area.  Plaintiff Linda Lohse closed her franchise on or around August 25, 2018.

55. Plaintiff Susan Minicozzi is a citizen and resident of the State of Florida.  Plaintiff Susan Minicozzi executed a franchise agreement with Curves International on October 25, 2005 and subsequently renewed that agreement on June 15, 2010 and again on June 15, 2015.  Plaintiff Susan Minicozzi's franchise was located in the Ocala, Florida area.  Plaintiff Susan Minicozzi closed her Curves franchise on December 31, 2018.

56. Plaintiff Maria Montoya is a citizen and resident of the State of Washington.  Plaintiff Maria Montoya executed a franchise agreement with Curves International on July 10, 2013.  Plaintiff Maria Montoya's franchise was located in the Pasco, Washington area.  Plaintiff Maria Montoya closed her Curves franchise on December 13, 2017.

57. Plaintiff Paradisco Dream, LLC is a Florida Limited Liability Company.  Plaintiff Paradisco Dream LLC executed a franchise agreement with Curves International on September 29, 2015 by and through Susan Neustadt.  Plaintiff Paradisco Dream, LLC's Curves franchise was located in the Marco Island, Florida area.  Plaintiff Paradisco Dream, LLC closed its franchise on or about May 30, 2018.

58. Plaintiff All Things Enterprises, LLC is an Alabama Limited Liability Company. Plaintiff All Things Enterprises, LLC executed a franchise agreement with Curves International on February 2, 2015 by and through Deanna Newman.  Plaintiff All Things Enterprises, LLC's Curves franchise was located in the Leeds/Moody, Alabama area. Plaintiff All Things Enterprises, LLC closed its Curves franchise on or around December 18, 2017.

59. Plaintiff Cami Noble is a citizen and resident of the State of Virginia.  Plaintiff Cami Noble originally executed a franchise agreement with Curves International on or around May 15, 2004 and subsequently renewed that agreement on or around May 15, 2014. Plaintiff Cami Noble's franchise was located in the West Springfield, Virginia area. Plaintiff Cami Noble closed her Curves franchise in April 2017.

60. Plaintiff PWO Fitness, LLC is a New York Limited Liability Company.  Plaintiff PWO Fitness, LLC originally executed a franchise agreement with Curves International in or around May 22, 2006, by through Patricia O'Reilly, and subsequently executed a renewal on February 24, 2014.  Plaintiff PWO Fitness, LLC's franchise was located in the Port Jefferson Station, New York area.  Plaintiff PWO Fitness LLC closed its Curves franchise on August 31, 2016.

61. Plaintiff Gary Paolillo is a resident of the state of New York.  Plaintiff Gary Paolillo's wife, Janice Paolillo, originally executed a franchise agreement with Curves International in January 2002.  The original franchise agreement was executed with Janice and Fern, Inc.  In January 2012, the agreement for the location was renewed, however, the franchise agreement was executed under the name of Gary Paolillo, husband of Janice Paolillo. Plaintiff Gary Paolillo subsequently renewed that agreement on April 30, 2014.  Plaintiff

Gary Paolillo's Curves franchise was located in the Albertson/Mineola/Williston Park, New York area. Plaintiff Gary Paolillo closed his Curves franchise on or around December 1, 2016.

62. Plaintiff RKP Enterprises, LLC is a Wisconsin Limited Liability Company.  Plaintiff RKP Enterprises, LLC originally executed a franchise agreement with Curves International on February 1, 2008, by and through Rita Poyer, and subsequently renewed that agreement on February 21, 2012.  Plaintiff RKP Enterprises, LLC's Curves franchise was located in the Merrill, Wisconsin area.  Plaintiff RKP Enterprises, LLC closed its Curves franchise on June 30, 2015.

63. Plaintiff Linda Preston is a citizen and resident of the State of Michigan.  Plaintiff Linda Preston originally executed a franchise agreement with Curves international on March 3, 2008 and subsequently renewed that agreement on October 15, 2012.  Plaintiff Linda Preston's Curves franchise was located in the Dowagiac, Michigan area.  Plaintiff Linda Preston closed her Curves franchise on October 15, 2017.

64. That Amy Reeves is a citizen and resident of the State of Ohio.  Plaintiff Amy Reeves executed a franchise agreement with Curves International on May 12, 2009 and subsequently renewed her agreement on February 11, 2014.  Plaintiff Amy Reeves's Curves franchise was located in the Cortland, Ohio area.  Plaintiff Amy Reeves closed her Curves franchise on or around May 31, 2016.

65. Plaintiff Bodyfit, Inc. is an Arizona corporation.  Plaintiff Bodyfit, Inc. originally executed a franchise agreement with Curves International on September 8, 2009 by and through Bill Fautsch and Kimberly Salter.  Plaintiff Bodyfit, Inc. subsequently renewed that agreement on January 16, 2015.  Plaintiff Bodyfit, Inc.'s franchise was located in the

Phoenix, Arizona area.  Plaintiff Bodyfit, Inc. closed its franchise on March 26, 2018.

66. Plaintiff Jenny Schaff Fitness and Music, LLC is an Iowa Limited Liability Company. Plaintiff Jenny Schaff Fitness and Music, LLC executed a franchise agreement with Curves International on August 22, 2012 by and through Jennifer Schaff.  Plaintiff Jenny Schaff Fitness and Music, LLC's franchise was located in the Des Moines, Iowa area. Plaintiff Jenny Schaff Fitness and Music, LLC closed its Curves franchise on March 1, 2015.

67. Plaintiff Elaine Solomon is a citizen and resident of the State of West Virginia.  Plaintiff Elaine Solomon originally executed a franchise agreement with Curves International on August 2, 2005 and subsequently renewed that agreement on April 27, 2010 and January 17, 2014.  Plaintiff Elaine Solomon's franchise was located in the Millbury, Massachusetts area.  Plaintiff Elaine Solomon closed her Curves franchise on December 23, 2016.

68. Plaintiff Barbara Tait is a resident and citizen of the State of California.  Plaintiff Barbara Tait executed a franchise agreement with Curves International on April 9, 2015.  Plaintiff Barbara Tait's franchise was located in the La Sierra-Riverside, California area.  Plaintiff Barbara Tait closed her Curves franchise on February 1, 2019.

69. Plaintiff MMLC, LLC is an Indiana Limited Liability Company.  Plaintiff MMLC, LLC executed a franchise agreement with Curves International on May 5, 2013 by and through Marla and Mark Ward.  Plaintiff MMLC, LLC's franchise was located in the Crawfordsville, Indiana area.  Plaintiff MMLC, LLC closed its franchise on January 31, 2016.

70. Plaintiff Whanger Health & Fitness, LLC is a West Virginia Limited Liability Company.

Plaintiff Whanger Health & Fitness, LLC executed a franchise agreement with Curves International in 2009 and subsequently renewed her agreement in July of 2015. Plaintiff Whanger Health & Fitness, LLC's Curves franchise was located in the St. Albans, West Virginia area. Plaintiff Whanger Health & Fitness, LLC closed its Curves franchise in or around March 2017.

71. Plaintiff Healthy Hips, LLC is an Ohio Limited Liability Company. Plaintiff Healthy Hips, LLC executed a franchise agreement with Curves International on July 1, 2010 by and through Rosemary Yaecker. Plaintiff Healthy Hips, LLC's Curves franchise was located in the Chesterland, Ohio area. Plaintiff Healthy Hips, LLC closed its Curves franchise on or around June 30, 2015.

72. Defendant Curves International, Inc. is a Texas corporation with its principal place of business in Woodway, Texas.   Curves International, Inc. was incorporated in October of 1995.

73. Defendant Curves NA, Inc. is a Texas corporation with its principal place of business in Woodway, Texas. Curves NA, Inc. was incorporated in February of 2018.

74. Defendant North Castle Partners, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut.

## JURISDICTION

75. Jurisdiction in this court is proper over Plaintiffs' claims brought under the civil Racketeering Influenced Corrupt Organization Act (RICO) pursuant to 28 U.S.C. §1331. This Court may also exercise supplemental jurisdiction over the Plaintiffs; state law claims pursuant to 2 U.S.C. §1367.

## ALLEGATIONS COMMON TO ALL COUNTS

I.   Curves Sales Efforts

76. At the beginning Curves undertook the traditional franchise strategy of concentrating resources on a select metropolitan area or region in order to build up a number of units and corresponding brand recognition.  As the Curves brand grew, it sought out prospects across the United States who could afford a relatively low franchise fee.

77. The sales pitch was hard and contained numerous misrepresentations intended to be relied upon by the potential franchisees, including Plaintiffs.

78. The Plaintiffs in this case each had an interest in owning a franchise and, at some point, became specifically interested in a Curves franchise.

79. As part of their investigation, the Plaintiffs visited the Curve's website.  The Curves website boasted the accomplishments of Curves and its franchisees, the potential success of a Curves franchise, favorable magazine articles which boasted the success of Curves, including, but not limited to, the number of locations and low fees, break-even points, and even went as far to claim immunity from competition/economic downturn.  While the content has changed over the years, the general concept is the same, and it was the website, reinforced with verbal sales pitches, that enticed Plaintiffs to purchase a Curves franchise(s).

80. Among other various representations, written and verbal, Curves represented to each Plaintiff that it would provide them with opening support, training, ongoing support, assistance selling memberships, marketing, weight loss guidance, internal and external promotions to generate business, advertising, brand maintenance, and more.  These representations were made to and relied upon by Plaintiffs in their decision to purchase a Curves franchise(s).

81. Curves International, Inc. quickly realized the amount of money that could be made by just selling franchises, a common distraction to many franchisors.  Unfortunately, Curves International, Inc. drifted from growing and supporting the Curves franchise to a "sell as many as possible" approach.

82. This approach, often taken by franchisor who later fail, is nothing more than an "I smell money" policy.

83. The franchisor, in this case Curves International, Inc. noticed that the more franchises they sell, the more money it made.  Unfortunately, the consequence is overselling and oversaturating the market.  Such an approach also resulted in Curves being unable to adequately support the franchisees.

84. Curves International, Inc. knew or should have known of the risks of phenomenal growth and the resulting oversaturation of the market.

85.  In fact, Curves International, Inc., by and through its founder Howard Gary Heavin, stated in 2003 that "I wonder if we're going to over saturate the market" and "that at the current growth rate, the domestic Curves franchise will be sold out next year."  Yet, Curves International, Inc. failed to heed its own warning and continued to sell franchises.

86. Furthermore, Jonathan Canarick, a managing director of defendant North Castle Partners[1], stated in a 2012 article that "the problem with fast success is that the owners weren't able to put the systems in place quickly enough.  North Castle plans to correct the inconsistencies that came about because of that fast growth."

II.  <u>Opening and Operating a Curves Franchise</u>

87. As a prospective franchisee, Plaintiffs relied on information contained in the Franchise

---

[1] North Castle Partners V, L.P. ("NCP") purchased Curves on July 31st, 2012.  Defendant Curves International Holdings, Inc., the parent company of Defendant Curves International, Inc., is owned primarily by NCP-Curves, L.P., a Delaware limited partnership, owned by NCP.

Disclosure Document (hereinafter referred to as "FDD") and/or many other representations made to them by Curves at their peril.  Most franchisees discovered that upon opening and operating their location, the numbers contained in the FDD and/or those figures otherwise represented to them were grossly underestimated and inaccurate.

88. Once a prospect signed a franchise agreement and had received their financing, Curves provided virtually none of the services represented to them including those normally expected from a franchisor and those provided to them in the franchise agreements.

89. Curves provided little or no assistance with site/location selection, with lease negotiation, and/or site development, even though Curves boasted about all its "research" into territories.

90. Once the site/location was selected and the lease was signed, Curves required its franchisees to purchase their equipment through it, claiming that their buying power allowed it to purchase equipment at a substantial discount.  In fact, the price charged to a franchise sometimes exceeded the price that a customer could purchase the same equipment from a vendor on its own as Curves used a subsidiary company as the middle man between the franchisees and the vendor and marked up the equipment before requiring the franchisees to buy it from them.  In addition, there were exorbitant shipping charges for shipping the equipment to the franchisee which were not disclosed prior to the franchise agreement being signed.

91. Franchisees would often exhaust their working capital prior to or shortly after opening their location(s).  Many times the grand openings would occur without proper training and/or the grand opening assistance represented to them and contained in the franchise agreement.  Calls to corporate office for assistance were greeted with hostility or

unreturned.

92. Notwithstanding the foregoing, Curves continued to demand payment of its monthly fees.

III. Prosperity of Curves and The Failure of Its System

93. According to the 2014 FDD, Curves had 2,369 franchises operating at the end of 2013, 2,860 operating at the end of 2012, and 3,551 operating at the end of 2011.  According to the 2011 FDD, Curves had 4,375 franchises operating at the end of 2010, 5,208 operating at the end of 2009, and 6,247 operating at the end of 2008.  According to the 2008 FDD, Curves had 7,091 franchises operating at the end of 2007, 7,748 operating at the end of 2006, and 7,885 operating at the end of the 2005 (the last year to mark any growth of the franchise).  As of 2018, there are fewer than 600 open locations.

94. Much of Curves' early success was built on federally-guaranteed loans to franchisees from the U.S. Small Business Administration.  By 2010, Curves franchisees had the fourth-highest rate of loans going into default of any franchise in the county.

95. On July 31, 2012, Howard Gary Heavin and Diane Heavin sold majority ownership of Curves to North Castle Partners.

96. North Castle Partners paid a substantial amount in excess of $150 million for the ownership in Curves.

97. The money paid by North Castle Partners was not used in any way to improve the franchise system.  Instead it apparently went to the enrichment of the founders of the failing system.

98. While Curves continued to prosper, the franchisees did not.  A franchisee facing eminent demise is provided no good options by Curves.

99. If a franchisee fails to make a payment to the franchisor, it is subject to termination of its

franchise.  Upon termination, Curves has the right to purchase any or all of the assets of the franchisee.

100.	When a franchisee is struggling and wanting to sell its location, it receives little to no support from corporate office, which instead turned its head and only paid enough attention to a collect various fees including a transfer fee if a franchisee was lucky enough to sell their location.

101.	In fact, Curves often blames the failure of the franchisees on the resale of locations by franchisees, claiming "he [Heavin] was limited in what we could do to deny a resale."  This could not be farther from the truth, as the franchisor, Curves, has every right to limit a resale and even provide for it in their own franchise agreement.

102.	Case in point, Curves, by and through its representatives, have conceded on many occasions to not providing support to its franchisees, along with other numerous responsibilities owed to franchisees, and even admitted to the following:

	a.	"The problem with fast success, Canarick said, is that the owners weren't able to put the systems in place quickly enough."

### IV. Franchisor's Responsibilities Under Franchise Agreement

103.	Under the franchise agreements signed by each and every Plaintiff herein, the franchisor agreed to assume certain responsibilities.

104.	That these responsibilities included, but were not limited to, each of the following:

	a.	Opening Assistance:  Franchisor agreed to provide assistance for up to four (4) days during the opening period of the franchisee's facility.

	b.	Training: Once the franchisee was in possession of the approved location, but

before the franchisee may open the unit, the franchisor agreed to provide one

initial training course, the cost which is a part of the initial franchise fee.

c. <u>Periodic Review:</u>  The Franchisor agreed to provide periodic review of

franchisee's sales, promotional efforts, and financial status with suggestions as to

any improvements.

d. <u>Ongoing support:</u>  Franchisor agreed to conduct merchandising, marketing and

advertising research in order to collect data and advise franchisees.  It further

agreed to communicate new developments, techniques and improvements to the

system, along with ongoing support including communication and advice.

e. <u>Maintenance:</u>  The Franchisor agreed to maintain and develop Curves including

the reputation, public image, and goodwill in order to establish a firm foundation

for its franchisees.

f. <u>Advertising:</u> The Franchisor requires franchisees to pay a monthly fee for

advertising in order to provide national, regional, or local media or other

marketing techniques or programs designated to communicate the services of the

franchisees to the public.

105.      In general, the Franchisor assumed the duty to monitor the operations of its

franchisees and provide assistance and guidance by either requests from the franchisee or

franchisor's own inspection of the franchisee's operations.

106.      Plaintiffs found out, only after paying their initial franchise fee, that Curves did

not have the personnel, infrastructure, and/or resources necessary to fulfill the obligations

owed to them in the franchise agreement, not to mention all the written/oral

promises/representations.

107.     Of the Plaintiffs, very few actually received any opening support and those who did receive such support were given only minimal assistance.

108.     While initial training was to be provided to Plaintiffs, it was rarely enforced and in some cases, skipped completely.

109.     Plaintiffs never received periodic reviews, visits, or ongoing support.

110.     Plaintiffs received minimal advertising in comparison to the millions of dollars a year they contributed to an advertising budget.

111.     In fact, for a couple of years, Plaintiffs received no advertising nationally or regionally.  Plaintiffs instead received minimal, ineffective, and outdated advertising materials for them to print and use locally.  The lack of national and regional advertising significantly affected Plaintiffs' member retention, a fact communicated to Curves on many occasions with no response.

112.     Part of maintaining the brand, includes providing care, support, and commitment to the franchisees that are the cornerstone of brand recognition.  Without franchisees, Curves could never have built the brand to which it claims all rights.

113.     Had Plaintiffs been aware of the lack of support, commitment, maintenance, and general good faith of Curves, they would have never executed a franchise agreement nor invested substantial amounts of time and money.

V.   Armstrong v. Curves International

114.     The essence of Plaintiffs' claims are identical to those tried in the *Armstrong v. Curves International, et al.* (Case Number 6:15-cv-00294-SDD).  In that case a jury returned a unanimous verdict finding that defendant Curves International had breached the franchise agreements with over 50 franchisees.

115.     It was only through discovery in the *Armstrong* case that the existence of the North Castle "Operating Blueprint" and the Parthenon EY study became known to franchisees.

116.     In a nutshell, Plaintiffs allege that defendants were aware that the Curves system was unsustainable but hid that information from current and prospective franchisees and defendant Curves systematically breached its agreements with Plaintiffs, .

117.     The above factual allegations apply across the board and are common to every Plaintiff.

<u>COUNT 1: BONITA ARRUDA</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

118.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

119.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

120.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

     a.   Opening Assistance

     b.   Training;

     c.   Periodic Review;

     d.   Ongoing Support;

     e.   Maintenance;

     f.   Protected Territories; and

g. Advertising

121. That Defendants have failed to meet their obligations under the franchise agreement.

122. That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 2: BV BOOMERS, INC</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

123. Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

124. That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of its location(s).

125. That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

a. Opening Assistance

b. Training;

c. Periodic Review;

d. Ongoing Support;

e. Maintenance;

f. Protected Territories; and

      g.  Advertising

126.     That Defendants have failed to meet their obligations under the franchise agreement.

127.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 3: HEATHER'S FITNESS CENTER, LLC
BREACH OF CONTRACT

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

128.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

129.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of its location(s).

130.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

      a.  Opening Assistance

      b.  Training;

      c.  Periodic Review;

      d.  Ongoing Support;

      e.  Maintenance;

      f.  Protected Territories; and

     g.  Advertising

131.      That Defendants have failed to meet their obligations under the franchise agreement.

132.      That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 4: FIT AND FIRM FOREVER, LLC
BREACH OF CONTRACT

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

133.      Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

134.      That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of its location(s).

135.      That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

     a.  Opening Assistance

     b.  Training;

     c.  Periodic Review;

     d.  Ongoing Support;

     e.  Maintenance;

     f.  Protected Territories; and

      g.  Advertising

136.      That Defendants have failed to meet their obligations under the franchise agreement.

137.      That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 5: CAROLYN DEEGAN
BREACH OF CONTRACT

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

138.      Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

139.      That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

140.      That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

      a.  Opening Assistance

      b.  Training;

      c.  Periodic Review;

      d.  Ongoing Support;

      e.  Maintenance;

      f.  Protected Territories; and

     g.  Advertising

141.     That Defendants have failed to meet their obligations under the franchise agreement.

142.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 6: KV FITNESS, LLC</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

143.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

144.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of its location(s).

145.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

     a.  Opening Assistance

     b.  Training;

     c.  Periodic Review;

     d.  Ongoing Support;

     e.  Maintenance;

     f.  Protected Territories; and

     g.  Advertising

146.     That Defendants have failed to meet their obligations under the franchise agreement.

147.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 7: 2 JOSIE'S LLC</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

148.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

149.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of its location(s).

150.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

     a.  Opening Assistance

     b.  Training;

     c.  Periodic Review;

     d.  Ongoing Support;

     e.  Maintenance;

     f.  Protected Territories; and

      g.  Advertising

151.      That Defendants have failed to meet their obligations under the franchise agreement.

152.      That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 8: TONYA GRANDMAITER</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

153.      Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

154.      That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

155.      That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

      a.  Opening Assistance

      b.  Training;

      c.  Periodic Review;

      d.  Ongoing Support;

      e.  Maintenance;

      f.  Protected Territories; and

       g.  Advertising

156.      That Defendants have failed to meet their obligations under the franchise

agreement.

157.      That as a direct and proximate result of the breach of Defendants as aforesaid,

Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants,

and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such

other relief that the Court deems just and proper.

<u>COUNT 9: CYNTHIA AND JOHN HALEY</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiffs and for their cause of action against Defendants, states as

follows:

158.      Plaintiffs reallege and incorporate by reference as a fully set forth herein of each

and every allegation contained in Paragraphs 1 through 117 of this Complaint.

159.      That Plaintiffs and Defendant, Curves International, Inc., entered into a written

franchise agreement(s) concerning the operation of their location(s).

160.      That pursuant to that franchise agreement(s), Defendants agreed to provide the

following, including but not limited to:

       a.  Opening Assistance

       b.  Training;

       c.  Periodic Review;

       d.  Ongoing Support;

       e.  Maintenance;

    f.   Protected Territories; and

    g.   Advertising

161.      That Defendants have failed to meet their obligations under the franchise agreement.

162.      That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiffs sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiffs pray judgment against Defendants, and each of them, in a sum that is fair and reasonable, their costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 10: GINA HALEY-MORRELL
BREACH OF CONTRACT

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

163.      Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

164.      That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

165.      That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

  f. Protected Territories; and

  g. Advertising

166. That Defendants have failed to meet their obligations under the franchise agreement.

167. That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 11: BEST HEALTH AND FITNESS, INC</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

168. Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

169. That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of its location(s).

170. That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

  a. Opening Assistance

  b. Training;

  c. Periodic Review;

  d. Ongoing Support;

  e. Maintenance;

      f.   Protected Territories; and

      g.   Advertising

171.     That Defendants have failed to meet their obligations under the franchise agreement.

172.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 12: RH FITNESS SYSTEMS, LLC</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

173.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

174.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of its location(s).

175.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

      a.   Opening Assistance

      b.   Training;

      c.   Periodic Review;

      d.   Ongoing Support;

      e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

176.     That Defendants have failed to meet their obligations under the franchise agreement.

177.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 13: FEMME FIT ALL, LLC
BREACH OF CONTRACT

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

178.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

179.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of its location(s).

180.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

181.      That Defendants have failed to meet their obligations under the franchise agreement.

182.      That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 14: YAKO KWE NYE STA FITNESS, LLC</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

183.      Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

184.      That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of its location(s).

185.      That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

     f.   Protected Territories; and

     g.   Advertising

186.    That Defendants have failed to meet their obligations under the franchise agreement.

187.    That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 15: LINDA LOHSE
## BREACH OF CONTRACT

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

188.    Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

189.    That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

190.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

     a.   Opening Assistance

     b.   Training;

     c.   Periodic Review;

     d.   Ongoing Support;

     e.   Maintenance;

     f.   Protected Territories; and

     g.   Advertising

191.     That Defendants have failed to meet their obligations under the franchise agreement.

192.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 16: SUSAN MINICOZZI
## BREACH OF CONTRACT

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

193.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

194.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

195.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

     a.   Opening Assistance

     b.   Training;

     c.   Periodic Review;

     d.   Ongoing Support;

     e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

196.      That Defendants have failed to meet their obligations under the franchise agreement.

197.      That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 17: MARIA MONTOYA</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

198.      Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

199.      That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

200.      That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

201.     That Defendants have failed to meet their obligations under the franchise agreement.

202.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 18: PARADISCO DREAM, LLC</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

203.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

204.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of its location(s).

205.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

206.    That Defendants have failed to meet their obligations under the franchise agreement.

207.    That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 19: ALL THINGS ENTERPRISES, LLC</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

208.    Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

209.    That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of its location(s).

210.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

     f.   Protected Territories; and

     g.   Advertising

211.      That Defendants have failed to meet their obligations under the franchise agreement.

212.      That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 20: CAMI NOBLE</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

213.      Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

214.      That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

215.      That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

     a.   Opening Assistance

     b.   Training;

     c.   Periodic Review;

     d.   Ongoing Support;

     e.   Maintenance;

     f.   Protected Territories; and

     g.   Advertising

216.     That Defendants have failed to meet their obligations under the franchise agreement.

217.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 21: PWO FITNESS, LLC
BREACH OF CONTRACT

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

218.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

219.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of its location(s).

220.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

     a.   Opening Assistance

     b.   Training;

     c.   Periodic Review;

     d.   Ongoing Support;

     e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

221.      That Defendants have failed to meet their obligations under the franchise agreement.

222.      That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 22: GARY PAOLILLO</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for his cause of action against Defendants, states as follows:

223.      Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

224.      That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of his location(s).

225.      That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

     f.   Protected Territories; and

     g.   Advertising

226.     That Defendants have failed to meet their obligations under the franchise agreement.

227.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, his costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 23: RKP ENTERPRISES, LLC
BREACH OF CONTRACT

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

228.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

229.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of its location(s).

230.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

     a.   Opening Assistance

     b.   Training;

     c.   Periodic Review;

     d.   Ongoing Support;

     e.   Maintenance;

      f.  Protected Territories; and

      g.  Advertising

231.      That Defendants have failed to meet their obligations under the franchise agreement.

232.      That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

COUNT 24: LINDA PRESTON
BREACH OF CONTRACT

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

233.      Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

234.      That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

235.      That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

      a.  Opening Assistance

      b.  Training;

      c.  Periodic Review;

      d.  Ongoing Support;

      e.  Maintenance;

    f.   Protected Territories; and

    g.   Advertising

236.      That Defendants have failed to meet their obligations under the franchise

agreement.

237.      That as a direct and proximate result of the breach of Defendants as aforesaid,

Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants,

and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such

other relief that the Court deems just and proper.

COUNT 25: AMY REEVES
BREACH OF CONTRACT

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

238.      Plaintiff realleges and incorporates by reference as a fully set forth herein of each

and every allegation contained in Paragraphs 1 through 117 of this Complaint.

239.      That Plaintiff and Defendant, Curves International, Inc., entered into a written

franchise agreement(s) concerning the operation of her location(s).

240.      That pursuant to that franchise agreement(s), Defendants agreed to provide the

following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

241.     That Defendants have failed to meet their obligations under the franchise agreement.

242.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 26: BODYFIT, INC</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

243.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

244.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of its location(s).

245.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

246.      That Defendants have failed to meet their obligations under the franchise agreement.

247.      That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 27: JENNY SCHAFF FITNESS AND MUSIC, LLC</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

248.      Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

249.      That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of its location(s).

250.      That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

      f.  Protected Territories; and

      g.  Advertising

251.     That Defendants have failed to meet their obligations under the franchise agreement.

252.     That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

<u>COUNT 28: ELAINE SOLOMON</u>
<u>BREACH OF CONTRACT</u>

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

253.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

254.     That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of her location(s).

255.     That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

      a.  Opening Assistance

      b.  Training;

      c.  Periodic Review;

      d.  Ongoing Support;

      e.  Maintenance;

    f.   Protected Territories; and

    g.   Advertising

256.      That Defendants have failed to meet their obligations under the franchise

agreement.

257.      That as a direct and proximate result of the breach of Defendants as aforesaid,

Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants,

and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such

other relief that the Court deems just and proper.

COUNT 29: BARBARA TAIT
BREACH OF CONTRACT

COMES NOW, Plaintiff and for her cause of action against Defendants, states as follows:

258.      Plaintiff realleges and incorporates by reference as a fully set forth herein of each

and every allegation contained in Paragraphs 1 through 117 of this Complaint.

259.      That Plaintiff and Defendant, Curves International, Inc., entered into a written

franchise agreement(s) concerning the operation of her location(s).

260.      That pursuant to that franchise agreement(s), Defendants agreed to provide the

following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

261.      That Defendants have failed to meet their obligations under the franchise agreement.

262.      That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, her costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 30: MMLC, LLC
## BREACH OF CONTRACT

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

263.      Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

264.      That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of its location(s).

265.      That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

266.     That Defendants have failed to meet their obligations under the franchise

agreement.

267.     That as a direct and proximate result of the breach of Defendants as aforesaid,

Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants,

and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such

other relief that the Court deems just and proper.

COUNT 31: WHANGER HEALTH &amp; FITNESS, LLC<br>BREACH OF CONTRACT

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

268.     Plaintiff realleges and incorporates by reference as a fully set forth herein of each

and every allegation contained in Paragraphs 1 through 117 of this Complaint.

269.     That Plaintiff and Defendant, Curves International, Inc., entered into a written

franchise agreement(s) concerning the operation of its location(s).

270.     That pursuant to that franchise agreement(s), Defendants agreed to provide the

following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

    f.   Protected Territories; and

    g.   Advertising

271.    That Defendants have failed to meet their obligations under the franchise agreement.

272.    That as a direct and proximate result of the breach of Defendants as aforesaid, Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such other relief that the Court deems just and proper.

## COUNT 32: HEALTHY HIPS, LLC
## BREACH OF CONTRACT

COMES NOW, Plaintiff and for its cause of action against Defendants, states as follows:

273.    Plaintiff realleges and incorporates by reference as a fully set forth herein of each and every allegation contained in Paragraphs 1 through 117 of this Complaint.

274.    That Plaintiff and Defendant, Curves International, Inc., entered into a written franchise agreement(s) concerning the operation of its location(s).

275.    That pursuant to that franchise agreement(s), Defendants agreed to provide the following, including but not limited to:

    a.   Opening Assistance

    b.   Training;

    c.   Periodic Review;

    d.   Ongoing Support;

    e.   Maintenance;

f.   Protected Territories; and

g.   Advertising

276.     That Defendants have failed to meet their obligations under the franchise

agreement.

277.     That as a direct and proximate result of the breach of Defendants as aforesaid,

Plaintiff sustained damage.

WHEREFORE, for the foregoing reasons, Plaintiff prays judgment against Defendants,

and each of them, in a sum that is fair and reasonable, its costs herein expended, and for such

other relief that the Court deems just and proper.

<u>COUNT 33: ALL PLAINTIFFS</u>
<u>CIVIL RICO (18 U.S.C. §1962(c)</u>

Come now all Plaintiffs, and for their cause of action against all Defendants, state as

follows:

278.     Plaintiffs reallege and incorporate herein by reference each of the foregoing

paragraphs.

279.     Defendants have violated 18 U.S.C. §1962(c) because they have conducted or

participated in the conduct of the affairs of an enterprise through a pattern of racketeering

activity.

280.     The Curves franchise system is an "association-in-fact" enterprise within the

meaning of 18 U.S.C. §1961(4) which is comprised of all Defendants and their affiliates

and/or subsidiaries along with all of the Curves' franchisees nationwide.

281.     The aforementioned enterprise is separate and distinct from the individual

defendants that participate in it and direct its affairs.

282.     The structure of the enterprise is imposed by, among other things, the terms of the
various franchise agreements upon which defendants have relied upon in requiring
plaintiffs and other franchisees to take certain actions and refrain from taking other
actions pursuant to franchise agreements which gave franchisees no opportunity to
terminate such agreements without fear of harassment and threats from the defendants.

283.     There are numerous other aspects of the operation of this enterprise that do not
involve conduct that is intrinsically criminal or illegal, including, but not limited to, the
sale of gym memberships to the general public, the advertising of plaintiffs' locations, the
sale of franchises, and many other day-to-day business activities.

284.     The defendants conduct the affairs of the enterprise, as opposed to merely their
own affairs, by, among other things, invoking provisions within the franchise agreements
to require plaintiffs and other franchisees to take certain actions and refrain from other
actions.  Included in these actions would be the payment of franchise royalty fees,
advertising fees, and other fees required to be paid pursuant to the franchise agreements.

285.     Defendant Curves International, Inc., participated in the conduct of the enterprise
through the exercise of its control, granted by the franchise agreements, over plaintiffs
which required plaintiffs to pay monthly franchise royalty fees and advertising fees while
defendant Curves International was aware that defendant North Castle Partners would not
make adequate investment into the system to preserve the viability of the Curves system
and that the Curves franchise system was going to fail causing the plaintiffs to lose their
investments and suffer significant financial damage.

286.     If it were not for the separate legal existence of plaintiffs and the other Curves
franchisees, defendants would not have been able to effectuate their scheme of

conducting the affairs of the enterprise so as to defraud the plaintiffs of money.  It is only

by virtue of the separate existence of individuals and companies who agrees to purchase

Curves franchises can defendants fraudulently induce such purchases.

287.      Defendant Curves NA, Inc., participated in the conduct of the enterprise through

its exercise of control over the plaintiffs granted by franchise agreements which had been

assigned to it in or about March of 2018.

288.      Defendant North Castle Partners, LLC participated in the conduct of the

enterprise pursuant to control it retained as majority owner of Curves International, Inc.

and later Curves NA, Inc. through its wholly-owned subsidiaries.  Such control included

appointing the chief executive officer, paying $350,000 toward the marketing study

conducted by Parthenon EY, and its decision not to undertake any further investment into

the Curves system to ensure its continued viability.  Such control extended to numerous

statements in the media by employees and agents of North Castle Partners which misled

franchisees and the general public as to the viability of the Curves franchise system.

289.      In addition, defendants determined in 2012 that over 1,000 franchise locations

would be "pruned" from the franchise system presumably based upon those franchisees

being able to comply with the requirements under the franchise agreements.

290.      Regardless of the knowledge that over 1,000 locations would be pruned, and

regardless of the knowledge that the Curves system would continue to lose over 15% of

franchise locations every year, defendants continued to sell franchises, continued to

approve transfer of franchise locations to new franchisees, continued to accept franchise

royalty payments, advertising fund payments, and other fees from the franchisees in a

franchise system it knew would fail.

291.     The predicate crimes committed by defendants are mail fraud as defined by 18
U.S.C. §1341 and wire fraud as defined by 18 U.S.C. §1343.

292.     In violation of 18 U.S.C. §1341 and 18 U.S.C. §1343 defendants devised and
effected a scheme to defraud plaintiffs who have franchise agreements signed in and after
April of 2012, which scheme consisted of deliberately and knowingly having such
agreements signed, collecting franchise and transfer fees, franchise royalty fees and
advertising fees with full knowledge that such franchisees would ultimately fail.

293.     The execution of the scheme to defraud involved numerous instances of the uses
of the United States mail and interstate wires through the forwarding of Franchise
Disclosure Documents, franchise agreements, emails and other correspondence to
franchisees and potential franchisees, automatic withdrawals from franchisees' bank
accounts for franchise royalty fees and advertising fees, and other electronic
communications.

294.     The predicate acts committed by defendants as alleged herein constitute a "pattern
of racketeering activity" within the meaning of 18 U.S.C. §1961(5).

295.     The acts of mail fraud and wire fraud as alleged herein are related because they
involve repeated instances of using the United States mail and interstate wire facilities to
defraud franchisees of money each time payment was taken while knowing that the
Curves franchise system would fail and that franchisees would lose their investments.

296.     Plaintiffs have been damages by reason of defendants' conduct as alleged herein
in that defendants received money from plaintiffs via United States mail and interstate
wires as a result of defendants' fraudulent conduct in an amount to be proven at trial and
trebled pursuant to 18 U.S.C. § 1964 (c).

WHEREFORE, for the foregoing reasons, Plaintiffs prays judgment against Defendants, and each of them, in a sum that is fair and reasonable, an amount of treble damages, an award of attorneys' fees, and for such other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable under the laws of the State of Texas and the United States.

Respectfully submitted,

_____/s/ Jonathan E. Fortman_____
Jonathan E. Fortman  #40319MO
Law Office of Jonathan E. Fortman, LLC
250 Saint Catherine Street
Florissant, MO  63031
(314) 522-2312
(314) 524-1519 Fax
jef@fortmanlaw.com

and

STEVE A. MILLER (TX. Bar #00786418)
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO 80202
Ph# 303-892-9933
Fax: 303-892-8925
Email: sampc01@gmail.com

Attorneys for Plaintiffs